

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 31, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. C-494

Re: Payment of claim for
printing certain forms
for the Texas Game and
Fish Commission.

Dear Mr. Calvert:

You have requested our opinion on the legality of a claim of the Moore Business Forms, Inc., for unpaid invoices for printing licenses for the Game and Fish Commission, now Parks and Wildlife Commission.

The claim involved in your request was submitted to this office by the Claims and Accounts Committee of the House of Representatives of the 59th Legislature, and, on April 12, 1965, this office approved said claim, stating in a memorandum:

"This claim was originally disapproved, however on April 9, 1965, additional information was furnished, and in view of this information, this claim is now approved.

"According to the letter dated February 19, 1965, from J. Weldon Watson, Executive Director, to Honorable Tommy Shannon, Chairman of the Committee on Claims and Accounts, 'In the year 1962, Moore Business Forms, Inc. was awarded a contract by purchase order through the State Board of Control for the printing of licenses for this department.' Following this purchase order, a reorder of hunting license forms was made. At the time of this reorder, it was the opinion of the Board of Control, the Game and Fish Commission and Moore Business Forms, Inc., that the reorder was covered by the original contract. When invoices were presented for payment, the

-2336-

Board of Control determined that the purchase order did not provide for reorders. In my opinion, this conclusion was based on the fact that the Board of Control considered only the purchase order form, rather than the specifications on which the purchase order was made. The specifications do not contain a limit as to quantity. Only the purchase order, pursuant to the specifications, was limited in quantity. Therefore, unless the specifications contained a provision which limited the number of purchase orders to be made, the contract did not prevent additional purchase orders from being made pursuant to the specifications. The original contract having been approved by the Governor, Secretary of State and Comptroller, in compliance with Section 21 of Article XVI of the Constitution of Texas, it is my opinion that State v. Steck, 236 S.W. 2d 866, does not apply to this claim, since this claim is supported by a valid contract, executed in accordance with the pre-existing law. In other words, in determining whether a claim is supported by pre-existing law, you not only look to the purchase order, pursuant to the specifications, but also to the specifications themselves. This is especially true in the instant case, since at the time the purchase was made, all parties were in agreement that the contract authorized this purchase."

In view of the foregoing, you are advised that the claim submitted with your request constitutes a legal obligation of the State of Texas and is now payable.

## SUMMARY

The claim of Moore Business Forms, Inc., for printing of licenses for the Game and Fish Commission, now Parks and Wildlife Commission, awarded by the Board of Control, is a valid obligation of the State of Texas, since the

claim is supported by a valid contract exe-
cuted in accordance with the pre-existing
law.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
Gordon Houser
Roger Tyler
Ivan Williams
Larry Craddock, Jr.

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright